IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMERON INTERNATIONAL CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 4:16-cv-2117 |
| STEVEN ABBISS and FMC TECHNOLOGIES SINGAPORE PTE LTD, | § § § § | |
| Defendants. | § § | |

## TEMPORARY RESTRAINING ORDER

On this the ___ day of July, 2016, came to be considered Plaintiff Cameron International Corporation's ("Cameron" or "Plaintiff") Motion for Temporary Restraining Order and Memorandum in Support thereof. After considering Plaintiff's Motion, the evidence attached thereto, any response thereto, and the arguments of counsel, the Court finds that:

1. This Court has jurisdiction of the subject matter of this case and there is good cause to believe it will have jurisdiction of all parties hereto;

2. There is a substantial likelihood that Plaintiff will prevail on establishing that Defendant Steve Abbiss ("Abbiss") is in violation of his Non-Compete Agreement with Plaintiff. There is also a substantial likelihood that Plaintiff will suffer imminent and irreparable harm if a temporary restraining order is not granted in this case inasmuch as, based on the evidence attached to Plaintiff's Motion, Abbiss is in possession of, and poised to continue to make use of, Plaintiff's confidential information and trade secrets while working for FMC Technologies Singapore Pte. Ltd. ("FMC").

3. The threatened injury to Plaintiff from Abbiss's breach of his Non-Compete Agreement and use and/or disclosure of Plaintiff's trade secrets outweighs the potential harm the temporary restraining order causes Defendants. Further, the evidence shows that Abbiss is employed in a capacity and position with FMC, a competitor of Plaintiff, which is in violation of Abbiss's Non-Compete Agreement. Absent a temporary restraining order, Defendants will be free to profit from the use of Plaintiff's trade secrets, which is irreparable.

4. Weighing the equities and considering Plaintiff's likelihood of ultimate success, a temporary restraining order is in the public interest.

**IT IS THEREFORE ORDERED** that Defendant Steve Abbiss, and all other persons acting in concert with him, is restrained and enjoined from:

- Using or disclosing Cameron's Confidential Information and Trade Secrets. For purposes of this Temporary Restraining Order, Cameron's Confidential Information and Trade Secrets includes technical, product, service, business, financial, and customer information that Abbiss was provided or had access to during the course and scope of his employment with Cameron that has not been disclosed by Cameron to the general public, including Cameron's margins, pricing, cost information, financial data, business strategies, target customers, competitor research, and new product development information; and,

- Directly or indirectly participating in any bid or tender for surface systems products, services, or technologies in the Middle East (Oman, Yemen, Saudi Arabia, Bahrain, United Arab Emirates, Kuwait, Qatar, Iraq, and Iran).

**IT IS FURTHER ORDERED** that Defendant FMC Technologies Singapore Pte. Ltd., and all other persons acting in concert with it, is restrained and enjoined from engaging in any act that causes Abbiss to violate the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall post a bond or cash in lieu of bond in the amount of $ _____.

**IT IS FURTHER ORDERED** that the Clerk issue notice to Defendants that the hearing on Plaintiffs' Motion for Preliminary Injunction in this matter is set for the _____ day of

_____, 2016, at \_\_\_\_\_ a.m./p.m. CST. The purpose of the hearing will be to determine whether this Temporary Restraining Order shall be made a Preliminary Injunction pending a fully trial on the merits.

This order expires at 11:59:59 PM CST on the \_\_\_\_ day of _____, 2016.

**SO ORDERED.**

July \_\_\_, 2016 at _____ a.m. / p.m. CST.

_____
JUDGE PRESIDING