United States District Court
Southern District of Texas
**ENTERED**
September 27, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CAMERON INTERNATIONAL CORPORATION,<br>　　　　　Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-16-2117 |
| | § | |
| STEVEN ABBISS,<br>　　　　　Defendant. | §<br>§<br>§ | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 42] filed by Defendant Steven Abbiss, to which Plaintiff Cameron International Corporation ("Cameron") filed a Response [Doc. # 45], and Defendant filed a Reply [Doc. # 48]. Abbiss seeks a ruling that the restrictive covenants on which Cameron bases this lawsuit are unenforceable as written because they are overly broad. Cameron does not concede that the restrictive covenants are too broad. Moreover, Cameron argues that even if the restrictive covenants are overbroad, the Court can enforce them to the extent reasonable.

Based on its review of the record and the applicable legal authorities, the Court **grants** Defendant's Motion to the extent that the restrictive covenants are found to be overbroad and unenforceable as written. Under Delaware law, however, the Court can

enforce the restrictive covenants to the extent reasonable.  If the parties are unable to agree, the reasonable scope of the restrictive covenants will be addressed at the preliminary injunction hearing on October 17, 2016.

## I.    BACKGROUND

Abbiss began working for Cameron in 1990.  From 2010 to 2014, Abbiss was Regional Manager for Asia, stationed in Singapore.  Beginning in January 2014, Abbiss was District Manager in Oman.  In June 2016, Abbiss was hired by FMC Technologies Singapore PTE Ltd. ("FMC"), a competitor of Cameron, as its General Manager for the Middle East.

Between 2013 and 2016, in connection with his employment with Cameron, Abbiss was awarded restricted Cameron stock pursuant to annual Restricted Stock Unit Award Agreements.  *See, e.g.*, 2014 Restricted Stock Unit Award Agreement ("Agreement"), Exh. A to Motion.  The Agreement contains a "Covenant Not to Compete, Solicit or Disclose Confidential Information."  *See id.*, ¶ 9.  Pursuant to ¶ 9 of the Agreement, Abbiss is precluded for a period of one year following his resignation from Cameron from engaging in "Detrimental Activity."  *See id.* "Detrimental Activity" is defined under the Agreement to include, *inter alia*, (a) "rendering of services for any person or organization, or engaging directly or indirectly in any business, which is or becomes competitive with [Cameron] or any

Subsidiary" ("Non-Compete Provision") and (b) "directly or indirectly soliciting the trade or business of any customer of [Cameron] or any Subsidiary" ("Non-Solicitation Provision").[1]  The four Agreements are largely the same.

Following Abbiss's employment with FMC, Cameron filed this lawsuit. Cameron also filed a request for a preliminary and a permanent injunction precluding Abbiss from soliciting Cameron's customers or otherwise competing with Cameron in Oman, Yemen, Saudi Arabia, Bahrain, United Arab Emirates, Kuwait, Qatar, Iraq, and Iran.  *See* Amended Memorandum in Support of Motion for Temporary Restraining Order, Preliminary Injunction, and Request for Permanent Injunction [Doc. # 41], pp. 31-32.  Abbiss filed his Motion for Summary Judgment, arguing that the Non-Compete and Non-Solicitation Provisions in the Agreements are overbroad and unenforceable.  The Motion has been fully briefed and is now ripe for decision.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden

---

[1]    "Detrimental Activity" also includes disclosing confidential information and soliciting Cameron employees to resign.  These provisions are not challenged in the Motion for Summary Judgment.

at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.  For purposes of Defendant's Motion for Summary Judgment, the parties do not dispute the material facts.

### B.     Non-Compete and Non-Solicitation Agreements - Delaware Law

Under Delaware law, agreements by an employee not to compete with a former employer "must be closely scrutinized because they are restrictive of trade and should be enforced only to the extent that it is reasonable to do so."  *Caras v. Am. Original Corp.*, 1987 WL 15553, * 2 (Del. Ch. July 31, 1987) (citing *Faw, Casson & Co. v. Cranston*, 375 A.2d 463 (Del. Ch. 1977); *Knowles-Zeswitz Music, Inc. v. Cara*, 260 A.2d 1716 (Del. Ch. 1969); *Original Vincent and Joseph, Inc. v. Schiavone*, 134 A.2d 843 (Del. Ch. 1957)).  "A restrictive covenant not to compete which is not reasonably limited geographically, therefore, is unreasonable and unenforceable."  *Id.* (citing *Raven v. A Klein & Co., Inc.*, 478 A.2d 1208 (N.J. Super. A.D. 1984); 6A CORBIN ON CONTRACTS § 1394).

Under Delaware law, "for a non-compete clause to be enforceable, it must (1) be reasonable in geographic scope and temporal duration, (2) advance a legitimate economic interest of the party seeking its enforcement, and (3) survive a balancing of the equities." *Avaya, Inc. v. Ali*, 2012 WL 2888474, *7 (D. Mass. July 13, 2012) (applying Delaware law) (citing *Concord Steel, Inc. v. Wilmington Steel Processing Co., Inc.*, 2008 WL 902406, *4 (Del. Ch. Apr. 3, 2008)); *see also Atl. Diving Supply, Inc. v. Moses*, 2014 WL 3783343, *6 (E.D. Va. July 31, 2014) (applying Delaware law). The plaintiff "must establish these elements by clear and convincing evidence." *Avaya*, 2012 WL 2888474 at *7. "[W]here a sale of a business is not involved, courts should be less prone to enforce such covenants." *Knowles-Zeswitz*, 260 A.2d at 175.

With reference to the requirement that the restrictive covenant be reasonable in geographic scope, a "non-competition agreement will only be enforced over a geographic area that is reasonable under the circumstances." *Research & Trading Corp. v. Pfuhl*, 1992 WL 345465, *11 (Del. Ch. Nov. 18, 1992). Delaware law "condones broad geographic restrictions, up to and including non-competes with a global scope." *Avaya*, 2012 WL 2888474 at *7 (citing *Pfuhl*, 1992 WL 345465 at *12). Often, global restrictive covenants are permitted because the restriction only prohibits solicitation of customers with whom the employee dealt on behalf of the employer and, therefore, are self-limiting. *See, e.g., Sentient Jet, LLC v. Early*, 2013

WL 6210643, *3 (D. Mass. Sept. 11, 2013) (applying Delaware law) (permitting restrictive covenant covering broad geographic area because "its scope is limited to only those with whom Early had 'material contact' during the last twelve months of his employment," thus enabling "Early to readily identify the entities at issue and the scope of the restriction").  Also, a nationwide or global restriction may be enforceable where "the employee would *gain from the employment* some advantage in any part of that market."  *Pfuhl*, 1992 WL 345465 at *12 (emphasis in original).

The former employer must also demonstrate that the restrictive covenant advances the company's legitimate economic interest, such as the protection of the employer's goodwill and the protection of its confidential information from improper use.  *See Radian Guar. Inc. v. Bolen*, 2014 WL 2777450, *6 (E.D. Pa. June 19, 2014) (applying Delaware law).  Eliminating competition is not, however, a legitimate business interest.  *Id.*  To protect an employer's goodwill, courts have enforced restrictive covenants precluding "former employees from dealing with the customers of their former employers with whom the employee had contact."  *Id.*

Under Delaware law, "a former employee who has agreed not to compete over a broad area will not be permitted to compete with his former employer in an area reasonably related to his former employment."  *See, e.g., Knowles-Zeswitz*, 260 A.2d at 175.  Therefore, where a restrictive covenant fails to include a reasonable

geographic limitation or unreasonably restricts an overly broad scope of activity, the Court can limit the scope of the covenant to what is reasonable.  *Id*.

## III.  ANALYSIS

As noted above, a restrictive covenant is enforceable only to the extent that the former employer shows by clear and convincing evidence that the covenant (1) is reasonable in geographic scope and temporal duration, (2) advances a legitimate economic interest of the party seeking its enforcement, and (3) survives a balancing of the equities.[2]  *See Avaya*, 2012 WL 2888474 at *7.  The Court finds and concludes that Cameron has failed to raise a genuine question of material fact that the Non-Compete and Non-Solicitation Provisions of the Agreement, as written, satisfy these three requirements.[3]

---

[2]   In some cases, the existence of an enforceable contract, including adequate consideration, is listed as an additional element.  *See, e.g., Am. Homepatient, Inc. v. Collier*, 2006 WL 1134170, *2 (Del. Ch. Apr. 19, 2006).  In this case, there is no dispute that the restrictive covenants are part of an otherwise enforceable contract.

[3]   Cameron argues that the restrictive covenants were found to be valid by the Texas Court of Appeals in *Cameron Int'l Corp. v. Guillory*, 445 S.W.3d 840 (Tex. App. – Houston [1st Dist.] 2014, reh'g overruled).  Cameron's argument is unpersuasive.  In *Guillory*, the trial court denied temporary injunctive relief on the noncompete agreement.  The primary issue before the appellate court was whether Texas law or Delaware law applied.  Additionally, the former employee argued that the restrictive covenants were not enforceable because there was only "electronic acceptance of the provisions."  *See Guillory*, 445 S.W.3d at 848.  The Texas Court of Appeals did not consider a challenge to the reasonableness of the geographic scope of the restrictive covenants or to the proper scope of their subject matter.  As a result, the Texas Court of Appeals decision in *Guillory* does not preclude this Court's finding that the restrictive covenants are unenforceable as written.

### A.      Temporal Duration and Geographic Scope

The restrictive covenants are in effect for one year after Abbiss's employment with Cameron ended.  This is a reasonable time limit under Delaware law, *see, e.g., Pfuhl*, 1992 WL 345465 at *11.  Indeed, Abbiss does not argue otherwise.

There is no geographic limitation in either of the two restrictive covenants under consideration.  Abbiss's area of responsibility between 2010 and January 2014 was Asia, and his area of responsibility beginning in January 2014 was Oman.  Although Abbiss attended Cameron's Middle East Sales Conference in February 2016, there is nothing to indicate that he acquired any ***global*** advantage from this Middle East-focused meeting or otherwise from his employment with Cameron in Asia and Oman.  As a result, the Court finds that the absence of any geographic limitation renders the restrictive covenants unenforceable as written.

### B.      Advances a Legitimate Business Interest

A restrictive covenant can prohibit activities only if they advance a legitimate business interest.  Cameron clearly has a legitimate business interest in protecting its goodwill by preventing Abbiss from directly competing with Cameron in his former area of responsibility.[4]  Cameron also has a legitimate business interest in preventing

---

[4]     Cameron also has a legitimate business interest in protecting its confidential information from improper disclosure.  Defendant does not challenge the provision of the Agreement prohibiting such disclosure.

Abbiss from soliciting Cameron customers with whom he dealt while a Cameron employee.  Cameron does not, however, have a legitimate business interest in preventing Abbiss from rendering services or engaging in business with any entity which is or becomes a competitor of Cameron or a subsidiary, *or* from soliciting business from customers with whom he had no "material contact" while a Cameron employee.  *See Sentient Jet*, 2013 WL 6210643 at *3-*4.  These limitations applied as written would, for example, prevent Abbiss from soliciting janitorial services contracts from Cameron customers or competitors in Norway.  These restrictions go unreasonably beyond protecting Cameron's legitimate economic interests and would, as written, preclude Abbiss from employment with any company in the oil and gas industry anywhere in the world.  As a result, the Non-Compete and Non-Solicitation Provisions are overbroad and unenforceable as written.

### C.     <u>Balancing the Equities</u>

Under Delaware law, non-compete agreements must be closely scrutinized to ensure they are limited to restrictions that "protect the legitimate interests of [the employer] without placing unreasonable restrictions on [the employee]."  *See Pfuhl*, 1992 WL 345465 at *13.  Optimally, the restrictions should be such that the employee can "readily identify the entities at issue and the scope of the restriction."  *Sentient Jet*, 2013 WL 6210643 at *4.  As discussed above, the restrictive covenants in this case

are overly broad and, if enforced as written, would place unreasonable and unknowable restrictions on Abbiss and his ability to maintain employment. As a result, the balance of equities favors Abbiss as to the Non-Compete and Non-Solicitation provisions.

### D.    Enforcement to the Extent Reasonable

The Court has found that the restrictive covenants in the Agreement, as written, are overbroad as to geographic region and scope of activities prohibited. Because they are overbroad, the Non-Compete and Non-Solicitation provisions are unenforceable as written. Under Delaware law, however, the Court is authorized to enforce the Non-Compete and Non-Solicitation provisions to a reasonable extent. *See, e.g., Knowles-Zeswitz*, 260 A.2d at 175. The Court cannot determine from the current record the exact parameters of a reasonable non-compete or a reasonable non-solicitation provision. For example, it is clear that it would be reasonable geographically to prohibit Abbiss from competing with Cameron in Oman. If the reasonable geographic scope of the Non-Compete Provision extends further is unclear from this record. As to reasonable scope, it is clear that prohibiting Abbiss from soliciting customers with whom he dealt while employed by Cameron would reasonably advance Cameron's legitimate business interest. It is less clear, however, the extent to which a broader scope of restricted activity would be reasonable and enforceable. As a result, if the

parties are unable to agree on the reasonable scope of the provisions in this case – consistent with this Memorandum and Order – the Court will address the issue at the preliminary injunction hearing.

## IV.   **CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the restrictive covenants are overbroad and unenforceable as written.  Under Delaware law, however, the Court can enforce the restrictive covenants to the extent reasonable.  If the parties are unable to agree, the reasonable scope of the restrictive covenants will be addressed at the preliminary injunction hearing on October 17, 2016.  Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 42] is **GRANTED** only to the extent that the Non-Compete and Non-Solicitation Provisions of the Agreement are held to be overbroad and unenforceable as written.  It is further

**ORDERED** that the case remains scheduled for a preliminary injunction hearing on October 17, 2016.  It is further

**ORDERED** that by **October 12, 2016**, counsel shall submit a written statement of the precise factual issues to be addressed at the preliminary injunction hearing.

SIGNED at Houston, Texas, this **27th** day of **September, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE