Case 4:16-cv-02117   Document 75   Filed in TXSD on 11/04/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMERON INTERNATIONAL CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2117 |
| STEVEN ABBISS, | § § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion to Seal Record [Doc. # 66] filed by Plaintiff Cameron International Corporation ("Cameron"), to which Defendant Steven Abbiss filed a Response [Doc. # 74]. Cameron neither filed a reply nor requested additional time to do so. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion to Seal Record.

Cameron sued Abbiss alleging breach of contract in connection with non-compete, non-solicitation, and non-disclosure provisions in various Restricted Stock Unit Award Agreements. On October 17, 2016, the Court conducted a preliminary injunction hearing in open court during which the parties introduced, and the Court admitted into the public record, testimony and documentary evidence. The next day, Cameron filed its Motion to Seal Record, asking the Court to "seal the record of the October 17, 2016 hearing . . .." See Motion to Seal Record, p. 2. By Memorandum

and Order [Doc. # 73] entered October 25, 2016, the Court denied Cameron's request for a preliminary injunction.

"The public has a common-law right to inspect and copy judicial records." *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 454 (5th Cir. 2015) (citations omitted). The public's right, however, "is not absolute." *Id.* The right of public access to judicial records not only furthers the interests of the public, but also protects the integrity of the judicial system. *See United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). "The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *Id.* (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)).

The decision whether to seal judicial records is within the discretion of the trial court, "a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). In determining whether to exercise its discretion to seal judicial records, the Court must "balance the public's common law right of access against the interests favoring nondisclosure." *Test Masters*, 799 F.3d at 454. (citation omitted). The decision whether to seal judicial records "must be made in light of the strong presumption that

all trial proceedings should be subject to scrutiny by the public." *Holy Land Found.*, 624 F.3d at 690. The "party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption." *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)). Any doubt regarding whether to seal judicial records "must be construed in favor of disclosure." *Id*.

In its Motion to Seal Record, Cameron relies primarily on the parties' Agreed Protective Order [Doc. # 25]. Cameron concedes, however, that the Agreed Protective Order does not address testimony and exhibits introduced during an evidentiary hearing. *See* Motion to Seal Record, p. 1. Cameron states summarily that it will "suffer significant harm" if the records are not sealed, but fails to identify such harm. The Court notes that much of the testimony and documentary evidence introduced at the preliminary injunction hearing was not confidential. For example, Cameron seeks to seal the copy of Abbiss's resume introduced into the public record as Plaintiff's Exhibit 1. As the Court found in the Memorandum and Order denying injunctive relief, much of the confidential information referenced during the hearing was outdated. Other information which Cameron now seeks to protect has already been provided to individuals who are not subject to restrictive covenants similar to those

in the Restricted Stock Unit Award Agreements. Indeed, the testimony and documentary evidence was discussed during the preliminary injunction hearing in open court with individuals present who were not subject to any confidentiality requirements.

Cameron has failed to satisfy its burden to demonstrate that any interest it may have in the secrecy of the testimony and exhibits introduced at the preliminary injunction hearing outweighs the presumption in favor of public access. As a result, it is hereby

**ORDERED** that Cameron's Motion to Seal Record [Doc. # 66] is **DENIED**.

SIGNED at Houston, Texas, this **4th** day of **November, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE